Exhibit B to the United States' Motion to Dismiss

*Seal v. United States*, Case No. 2:25-cv-442 (D. Me.)



**DEPARTMENT OF THE ARMY**
**HEADQUARTERS, UNITED STATES ARMY MEDICAL COMMAND**
**2450 CONNELL ROAD, BLDG 2264**
**JBSA FORT SAM HOUSTON, TEXAS 78234-7664**

MCZX                                    OTSG/MEDCOM Policy Memo 22-020

5 MAY 2022

Expires 5 May 2024

MEMORANDUM FOR COMMANDERS, MEDCOM REGIONAL HEALTH COMMANDS

SUBJECT: Command Directed Behavioral Health Evaluations

1. References:

   a. Department of Defense Instruction (DoDI) 1010.04, Problematic Substance Use by DOD Personnel, 20 Feb 2014, Change 1, 6 May 2020.

   b. DoDI 6490.04, Mental Health Evaluations of Members of the Military Services, 4 Mar 2013, Change 1, 22 Apr 2020.

   c. DoDI 6490.08, Command Notification Requirements to Dispel Stigma in Providing Mental Health Care to Service Members, 17 Aug 2011.

   d. Department of Defense Directive (DoDD) 7050.06, Military Whistleblower Protection, 17 Apr 2015.

   e. Army Regulation (AR) 635-200, Active Duty (AD) Enlisted Administrative Separations, Major Revision Issue Date: April 2021.

   f. AR 40-66, Medical Record Administration and Health Care Documentation, Rapid Action Revision Issue Date: 4 Jan 2010.

2. Purpose: To outline procedures for conducting Command Directed Behavioral Health Evaluations (CDBHE).

3. Proponent: The proponent for this policy is the Behavioral Health Division (BHD), Health Care Delivery Directorate, U.S. Army Medical Command (MEDCOM) G-3/5/7.

4. Responsibilities:

   a. Military Medical Treatment Facility (MTF) Commanders will —

      (1) Ensure all Behavioral Health (BH) Providers (BHP) comply with the provisions of this regulation and exercise oversight.

---

*This policy memo supersedes OTSG/MEDCOM Policy Memo 17-031, 31 May 17, Subject: Command Directed Behavioral Health Evaluations.

MCZX
SUBJECT: Command Directed Behavioral Health Evaluations

(2) Ensure that authorized BHPs are fully trained and appropriately credentialed to conduct CDBHEs consistent with DODI 6490.4 and MEDCOM policy.

b. All BHPs will —

(1) Understand and apply the guidance and standards for completing CDBHE requests as published in DODI 6490.4 and this policy.

(2) Perform a reasonable assessment of the circumstances surrounding the request for evaluation to adequately ensure that reprisal is not a factor.

(3) Prior to beginning the evaluation, explain to the Service Member (SM) how confidentiality applies for CDBHEs and document this review of limits of confidentiality and patient understanding in the Electronic Health Record (EHR).

(4) Accomplish all of the notification requirements to command as required by DODI 6490.04 using Department of the Army (DA) Form 3822. Report of Mental Health Status Evaluation.

(5) Consider whether or not the SM's BH condition is likely to impair his/her judgment or reliability to protect classified information. If the SM is determined to have impaired judgment or reliability to protect classified information, then the appropriate block will be selected on the DA Form 3822, and details will be recorded in the "Remarks" section.

5. Background:

a. For the purposes of implementing DODI 6490.04 in compliance with existing Army and MEDCOM policy guidance the CDBHE is defined as psychiatric examination or evaluation, a psychological examination or evaluation, an examination for psychiatric or psychological fitness for duty, or any other clinical means of assessing the mental/behavioral health of a SM.

b. The CDBHE is an order. The Commander notifies the SM of the time, location, and name of the BHP for the execution of the CDBHE. If in a U.S. Army Reserve Component, the SM will be placed on orders by his/her unit for the purpose of moving to and from the evaluation and completing the evaluation. U.S. Army Reserve Commanders will coordinate the purpose of the evaluation, appointment time, and mechanism for feedback with the nearest available AD MTF or BH provider. To ensure eligibility for treatment at the facility, Reserve SMs should coordinate with the Patient Administration Office prior to presenting at the BH clinic.

c. Both leaders and BHPs will reinforce that the CDBHE should not be considered stigmatizing.

MCZX
SUBJECT: Command Directed Behavioral Health Evaluations

    d. CDBHEs do not apply to:

    (1) Voluntary self-referrals.

    (2) Required periodic pre-and post-deployment mental health assessments for SMs deployed in connection with a contingency operation in accordance with DODI 6490.12.

    (3) Responsibilities and competency inquiries conducted in accordance with (IAW) the guidelines established in the Rule for Courts Martial 706 of the Manual for Courts-Martial.

    (4) Interviews conducted IAW the guidelines established for the Family Advocacy Program.

    (5) Substance Use Disorder Clinical Care assessments.

    (6) Clinical referrals requested by other healthcare providers as a matter of clinical judgment and when the SM consents to the evaluation.

    (7) Evaluations under authorized law enforcement or corrections system procedures.

    (8) Evaluations for special duties or occupational classifications and other evaluations expressly required by applicable Department of Defense (DoD) issuance or Service regulation that are not subject to Commander's discretion. For the purposes of this policy memo this category of evaluations will be referred to as Administratively Required Behavioral Health Evaluation (ARBHE).

    (9) Referrals for evaluations expressly required by regulation, without any discretion by the SM's Commander, such as enlisted administrative separations under AR 635-200 and AR 135-178 and officer eliminations under AR 600-8-24.

6. Policy:

    a. Policy and procedures are implemented in a manner that removes the stigma associated with SMs seeking and receiving BH services. The use of BH services is considered, whenever possible, to be comparable to the use of other medical and health services. This extends to policy directed at ensuring fitness for duty, returning injured or ill SMs to full duty status after appropriate treatment, and managing medical conditions that may endanger the SM, others, or mission accomplishment.

    b. Commanders and supervisors who in good faith believe a subordinate SM may require a BH evaluation are authorized to direct an evaluation under this instruction or

MCZX
SUBJECT: Command Directed Behavioral Health Evaluations

take other actions consistent DoDI 6490.04, Enclosure 3. In these circumstances, a CDBHE has the same status as any other military order.

    c. Referral for a CDBHE of a SM to a BHP for a non-emergency BH evaluation may be initiated only by a Commander or supervisor. Such evaluations may be for a variety of concerns, including fitness for duty, occupational requirements, special duty screening, safety issues, significant changes in performance, or behavior changes that may be attributable to possible mental status changes.

    d. A Commander or supervisor will refer a SM for an emergency Behavioral Health Evaluation (BHE) as soon as is feasible whenever:

        (1) A SM, by actions or words, such as actual, attempted, or threatened violence, expresses intent or is likely to cause serious injury to him or herself or others.

        (2) When the facts and circumstances indicate that the SM's intent to cause such injury is likely.

        (3) When the Commanding officer believes that the SM may be suffering from a severe mental disorder.

    e. A SM has certain rights when referred for a non-emergent BH evaluation and additional rights when admitted to a treatment facility for an emergency or involuntary BHE.

    f. No person will refer a SM for a CDBHE as a reprisal for making or preparing a lawful communication to:

        (1) A member of Congress;

        (2) Any appropriate authority in the SM's chain of command;

        (3) An Inspector General or;

        (4) A member of a DoD audit, inspection, investigation, or law enforcement organization.

    g. CDBHE must be completed by one of the following DoD authorized BHP types: psychiatrists, doctoral-level clinical psychologists, psychiatric nurse practitioner, or licensed clinical social workers. Social workers must have a doctorate degree to perform CDBHEs in inpatient settings.

    h. To conduct a CDBHE, all DoD authorized BHPs must meet privileging criteria and be granted clinical privileges from the MTF by adding "Command-Directed Behavioral

MCZX
SUBJECT: Command Directed Behavioral Health Evaluations

Health Evaluations" on their discipline-specific DA privileging form or in the electronic credentialing database application.

   i. Limits of confidentiality for CDBHEs should be reviewed with the patient. DA Form 8001 Limits of Confidentiality is the only authorized form for use. The BHP should answer all the patient's questions regarding confidentiality before any evaluation is conducted. Documentation of this review and patient understanding will be entered by the BHP in the EHR. The following exception applies:

   (1) In the event that a BHP or designee determines that a patient is not able to comprehend the limits of confidentiality, or if a delay in the patient's evaluation or treatment would not be in the patient's best interest, discussion of the limits of confidentiality may be delayed.

   (2) The BHP or designee will document the reasons for the delay in the patient's EHR. The BHP or designee will document the review and understanding of limits of confidentiality by the patient as soon as the patient is able to comprehend the contents of the form.

   j. DA Form 3822 will be used by BHPs to document the results of a CDBHE to Commanders. DA Form 3822 is the only authorized form for use by MTF BHPs when documenting a report of behavioral or mental status.

   k. If recommendations for medical limitations to duty need to be made, then the provider will use the electronic DA Form 3349 profile to communicate such limitations to the Commander in addition to the DA Form 3822.

7. Procedures:

   a. Non-emergency referrals.

   (1) The BHP will discuss the concerns of the Commander or supervisor and gather sufficient information to have a reasonable understanding of the circumstances requiring a CDBHE. The BHP will provide consultation to the Commander or supervisor regarding the urgency and appropriateness of the referral from a clinical perspective.

   (2) The MTF will schedule the CDBHE IAW local standard operating procedures and published access to care standards. At a minimum, the MTF will provide Commanders and supervisors with the date/time/locations of the CDBHE appointment and name of the BHP who will perform the evaluation.

   (3) If the SM disagrees with the results of the CDBHE, he/she may request a second clinical opinion by submitting a written request for re-evaluation to the BHP who conducted the evaluation or to the Installation Director of Psychological Health (IDPH). When the initial BHP receives the written request for re-evaluation, he/she will forward it

MCZX
SUBJECT: Command Directed Behavioral Health Evaluations

to the IDPH for action. The SM's request will contain the reason for requesting a second opinion and the SM's contact information. Upon receipt of a written request for re-evaluation, the IDPH may either:

    (a) Designate another BHP to complete an independent evaluation and produce a new DA Form 3822. When possible, the designee should be the initial provider's supervisor or clinic chief. As needed, the designee may be a provider outside of the initial provider's immediate supervisory chain; or

    (b) Personally conduct an independent evaluation and produce a new DA Form 3822.

    (4) If the second opinion is in conflict with the first evaluation, the IDPH will review the initial evaluation and re-evaluation and take the necessary action to make a final determination on the case. The IDPH will document his/her actions and rationale in the EHR, and ensure the SM and the SM's commander or supervisor have been provided with a DA Form 3822 that communicates the final determination.

    (5) CDBHE and second-opinion evaluations through Virtual Behavioral Health are authorized.

  b. Emergency referrals. A Commander will refer a SM for an emergency BHE as soon as is practical whenever a SM indicates an intent to cause serious injury to himself/herself or others and the Commander believes that the SM may be suffering from a BH related disorder. The Commander will ensure that the SM is escorted by another SM of at least equal rank or higher.

8. Admissions.

  a. General information: A SM will be admitted to an inpatient behavioral health (IBH) unit (or medical unit if an IBH unit is not available) for an inpatient evaluation and treatment if clinically indicated. The final decision to admit a SM rests with a BHP granted hospital-admitting privileges. If a BHP is not available, the SM may be admitted by any healthcare provider with admitting privileges.

  b. Voluntary admission: Voluntary hospital admission is appropriate if a provider privileged to admit psychiatric patients, determines that admission is clinically indicated, and the SM voluntarily consents to hospitalization.

  c. Involuntary admission:

    (1) An involuntary hospital admission is appropriate only when a provider privileged to admit psychiatric patients makes a clinical judgment that the SM has a severe mental disorder and poses an imminent danger to himself/herself and/or others. Once admitted, the SM will be reevaluated by an independent psychiatrist or another privileged

MCZX
SUBJECT: Command Directed Behavioral Health Evaluations

physician if a psychiatrist is not available, within 72 hours after admission to determine if the SM should be discharged from the hospital. If continued involuntary hospitalization is required, the results of the reevaluation and the circumstances required for discharge will be documented in the record and communicated to the SM. Another review will be scheduled within five days.

(2) Continued involuntary psychiatric hospitalization beyond an initial period not to exceed 72 hours is appropriate only when a provider makes a clinical judgment that all of the following apply:

(a) The SM is suffering from a serious mental disorder.

(b) The SM is at continued risk for imminently dangerous behavior.

(c) The SM refuses continued inpatient treatment or lacks the mental capacity to make an informed decision about continued inpatient treatment.

(d) The provider conducting the review in para (1) above must be an impartial, disinterested, privileged psychiatrist (or other medical officer if a psychiatrist is not available) that is not in the SM's chain of command.

(3) MTFs which do not have IBH units and, therefore, use local civilian hospital facilities to provide IBH for SMs on their installation the process established under the law of the State where the facility is located will be followed. IDPH will ensure coordination between civilian facility and command regarding treatment planning and reentry into outpatient treatment following discharge.

(4) Return of SM to command. When a BHP returns a SM to his/her command, either following an outpatient evaluation or upon discharge from inpatient status for which imminent dangerousness was or contributed to the indication for admission, the provider must provide sufficient information to allow the SM's Commander or supervisor to understand the SM's condition and make reasoned decisions about safety, readiness, and medical care requirements.

9. Communication of Disposition and Recommendations.

a. The BHP should provide information to the SMs Commander on the following items:

(1) Proposed treatments: Treatments will be based upon the potential for therapeutic benefit as determined by the BHP. Serial clinical assessments and mental status examinations will be performed to assess the SM's ongoing risk of dangerousness. These evaluations should continue until the SM is judged to be psychologically stable and no longer at significant risk of becoming imminently dangerous.

7

MCZX
SUBJECT: Command Directed Behavioral Health Evaluations

(2) Separation from military service: Whenever a BHP provides recommendations to a SM's Commander that the SM is eligible for Chapter 5-14 administrative separation for a mental health condition from military service that recommendation will be co-signed by the IDPH or designee. Additionally, IAW MEDCOM Policy 21-002, Office of The Surgeon General review is required for Chapter 5-14 if the SM has ever deployed to an imminent danger pay area (IDPA) or experienced a sex-related offense, intimate partner/spousal abuse offense during service in the Army (whether or not such offense was committed by another member of the Armed Forces).

(3) Precautions: Recommendations for precautions will be based on the authorized BHP's clinical judgment. Precautions must relate to the need for reducing or eliminating the SM's ability to cause injury to himself/herself or others or for avoiding any events that might contribute to such injury.

(4) Readiness Determination: The BHP will recommend to the SM's Commander one or more of the following: (1) return of the SM to full duty; (2) Profile initiated due to medical limitations for duty; (3) referral of the SM to a Medical Evaluation Board for processing through the Disability Evaluation System or (4) referral of the SM for administrative separation.

10. Issues not addressed. Specific issues concerning the mechanism of initiating a command-directed BH referral not outlined in this regulation should be addressed to the local MTF, Regional Health Command, or Health Care Delivery Directorate for further guidance.

11. Alternative approaches in directing CDBHE are not authorized.

FOR THE COMMANDER:

BEAUCHEMIN.RICHA Digitally signed by
RD.ROLAND.1165218 BEAUCHEMIN.RICHARD.ROLAN
953 D.1165218953
Date: 2022.05.05 05:29:19 -04'00'

RICHARD R. BEAUCHEMIN
Chief of Staff