Exhibit E to the United States' Motion to Dismiss

*Seal v. United States*, Case No. 2:25-cv-442 (D. Me.)



# DoD Instruction 1332.18

# Disability Evaluation System

---

**Originating Component:**   Office of the Under Secretary of Defense for Personnel and Readiness

**Effective:**   November 10, 2022

**Releasability:**   Cleared for public release.  Available on the Directives Division Website at https://www.esd.whs.mil/DD/.

**Reissues and Cancels:**   DoD Instruction 1332.18, "Disability Evaluation System (DES)," August 5, 2014, as amended

**Incorporates and Cancels:**   Directive-Type Memorandum, 18-004, "Revised Timeliness Goals for the Integrated Disability Evaluation System (IDES)," July 30, 2018, as amended

Directive-Type Memorandum, 20-001, "Policy Revisions for the Disability Evaluation System (DES)," February 12, 2020, as amended

**Approved by:**   Gilbert R. Cisneros, Jr., Under Secretary of Defense for Personnel and Readiness

---

**Purpose:**  In accordance with the authority in DoD Directive (DoDD) 5124.02, this issuance establishes policy, assigns responsibilities, and prescribes procedures for:

- Referral, evaluation, return to duty, separation, or retirement of Service members for disability in accordance with Title 10, United States Code (U.S.C.).

- Related determinations pursuant to Sections 6303, 8332, and 8411 of Title 5, U.S.C.; Section 104 of Title 26, U.S.C.; Sections 303a and 373 of Title 37, U.S.C.; Section 2082 of Title 50, U.S.C.; Sections 3.310(b) and 3.321(b), Part 4, and Part 14 of Title 38, Code of Federal Regulations (CFR).

# TABLE OF CONTENTS

SECTION 1: GENERAL ISSUANCE INFORMATION ......................................................... 6
   1.1. Applicability. ............................................................................................. 6
   1.2. Policy. ....................................................................................................... 6
SECTION 2: RESPONSIBILITIES ............................................................................... 9
   2.1. Assistant Secretary of Defense for Health Affairs (ASD(HA)). .......................... 9
   2.2. Assistant Secretary of Defense for Manpower and Reserve Affairs (ASD(M&RA)). ...... 9
   2.3. Deputy Assistant Secretary of Defense for Health Services Policy and Oversight
      (DASD(HSP&O)). ........................................................................................ 9
   2.4. Director, DHA. ............................................................................................ 11
   2.5. General Counsel of the Department of Defense. ................................................. 11
   2.6. Secretaries of the Military Departments. ........................................................... 11
SECTION 3: OPERATIONAL STANDARDS OF THE DES ................................................. 14
   3.1. DES Process Overview. ................................................................................. 14
   3.2. MEB. ......................................................................................................... 15
      a. Purpose. .................................................................................................. 15
      b. Composition. ............................................................................................ 15
      c. Resourcing. .............................................................................................. 15
      d. Referral to PEB. ........................................................................................ 16
      e. Service Member Medical Evaluations. .......................................................... 16
      f. Content. .................................................................................................. 17
      g. Competency. ............................................................................................ 17
      h. Medical Documentation for RC Service Members with Non-Duty-Related Conditions.
         .......................................................................................................... 17
      i. Non-Medical Documentation. ...................................................................... 18
   3.3. PEB. .......................................................................................................... 18
      a. Purpose. .................................................................................................. 18
      b. Informal Physical Evaluation Board (IPEB). .................................................. 18
      c. FPEB. ..................................................................................................... 19
      d. Appeal of FPEB Determination of Fitness ...................................................... 20
      e. Resourcing. .............................................................................................. 21
      f. Record of Proceedings. ............................................................................... 22
      g. Quality Assurance. .................................................................................... 23
   3.4. Counseling. ................................................................................................. 23
      a. Purpose. .................................................................................................. 23
      b. MDB. ..................................................................................................... 23
      c. Non-MDB Requirements. ........................................................................... 23
      d. Service Member Competency. ..................................................................... 23
      e. Pre-separation Counseling. .......................................................................... 24
   3.5. Case Management. ........................................................................................ 24
   3.6. Final Disposition. ......................................................................................... 24
   3.7. Administrative Decisions. .............................................................................. 24
   3.8. Training and Education. ................................................................................. 25

a. Assignment of Personnel to the DES. ................................................................. 25
b. Standardized DES Training. ............................................................................... 25
3.9. Disability Case Management Continuum. ............................................................. 26
a. PEBLO ............................................................................................................... 26
b. MSC. .................................................................................................................. 27
3.10. Facility Resources. ............................................................................................. 27
Section 4:  Provision of Legal Counsel in the DES ...................................................... 28
4.1. Requirements. ....................................................................................................... 28
4.2. Legal Advice and Representation. ........................................................................ 28
4.3. Access to Documentation. .................................................................................... 29
4.4. Service Member Appeals and Hearings. ............................................................... 29
a. FPEB. ................................................................................................................. 29
b. FPEB Appeal. .................................................................................................... 30
4.5. Legal Counsel in Advance of FPEB and FPEB Appeal. ...................................... 30
4.6. Delay for Good Cause. ......................................................................................... 30
4.7. Qualifications and Training of Legal Counsel. ..................................................... 30
Section 5:  DES Referral ................................................................................................ 32
5.1. General. ................................................................................................................. 32
5.2. Criteria for Referral. ............................................................................................ 32
5.3. Eligibility for Referral. ........................................................................................ 32
a. Duty-Related Determinations. ........................................................................... 32
b. Non-Duty-Related Determinations. ................................................................... 33
5.4. Ineligibility for Referral. ...................................................................................... 33
5.5. Service Members with Medical Waivers. .............................................................. 34
5.6. Waiver of DES Referral or PEB Evaluation. ........................................................ 35
5.7. Prohibition from Waiving Disability Evaluation. ................................................. 35
5.8. Referral Implications. ........................................................................................... 35
Section 6:  Standards for Determining Unfitness Due to Disability or Medical
Disqualification ............................................................................................................... 36
6.1. Uniformity of Standards. ...................................................................................... 36
6.2. General Criteria for making Unfitness Determinations. ....................................... 36
6.3. Relevant Evidence. ............................................................................................... 36
a. Referral Following Illness or Injury. ................................................................. 36
b. Referral for Chronic Condition. ......................................................................... 36
c. Cause-and-effect Relationship. .......................................................................... 37
6.4. Reasonable Performance of Duties. ...................................................................... 37
a. Considerations. ................................................................................................... 37
b. General, Flag, and Medical Officers. ................................................................. 37
c. Service Members on Permanent Limited Duty. .................................................. 38
d. Combined Effect. ................................................................................................ 38
6.5. Presumption of Fitness. ........................................................................................ 38
a. Presumptive Period. ........................................................................................... 38
b. Overcoming the Presumption of Fitness. ........................................................... 39
c. When The Presumption of Fitness Does Not Apply. .......................................... 39
6.6. Evidentiary Standards for Determining Unfitness Because of Disability. .................. 40

*DoDI 1332.18, November 10, 2022*

   a. Objective Evidence. ........................................................................................ 40
   b. Preponderance of Evidence. ............................................................................ 40
  6.7. Unfit Determinations. ......................................................................................... 40

SECTION 7: STANDARDS FOR DETERMINING COMPENSABLE DISABILITIES .................... 41
  7.1. Disability Compensation Criteria Overview. .................................................. 41
  7.2. Disability Retirement Criteria for Regular Component Members and Members on Active Duty for more than 30 Days. ................................................................ 41
  7.3. Disability Retirement Criteria for Members on Active Duty for 30 Days or Fewer, on IDT, Funeral Honors Duty, or Training Pursuant to Section 1204 of Title 10, U.S.C. ..... 42
  7.4. Disability Separation Criteria for Regular Component Members and Members on Active Duty for More Than 30 Days. ......................................................................... 43
  7.5. Disability Separation Criteria for Members on Active Duty for 30 Days or Less, on IDT, Funeral Honors Duty, or Training Pursuant to Section 1206 of Title 10, U.S.C. ............. 44
  7.6. LOD Requirements. ........................................................................................... 45
   a. Relationship of LOD Findings to DES Determinations. ................................. 45
   b. Referral Requirement. ..................................................................................... 45
   c. Presumptive Determinations. .......................................................................... 45
   d. Required Determinations. ................................................................................ 45
  7.7. Evidentiary Standards for Determining Compensibility of Unfitting Conditions. ......... 46
   a. Misconduct and Negligence. .......................................................................... 46
   b. Presumption of Sound Condition for Members on Continuous Orders to Active Duty Specifying a Period of More Than 30 Days. ............................................... 46
   c. Presumption of Incurrence or Aggravation in the LOD for Members on Continuous Orders to Active Duty Specifying a Period of More Than 30 Days. ......................... 47
   d. RC Service Members Serving on Orders of 30 Days or Fewer. ..................... 48
   e. Prior Service Condition. ................................................................................. 48
   f. Medical Waivers. ............................................................................................ 48
   g. Treatment of Pre-existing Conditions. ........................................................... 48
   h. Elective Surgery or Treatment. ...................................................................... 49
   i. Rating Disabilities. ......................................................................................... 49

SECTION 8: VASRD ............................................................................................... 50
  8.1. General. .............................................................................................................. 50
  8.2. Behavioral Disorders Due to Traumatic Stress. .............................................. 51
  8.3. Disability Rating Based on Unemployability. ................................................. 51
  8.4. Extra-Schedular Ratings. ................................................................................... 51

SECTION 9: TDRL MANAGEMENT ......................................................................... 52
  9.1. Initial Placement on the TDRL. ....................................................................... 52
  9.2. TDRL Re-Evaluation. ....................................................................................... 52
   a. Initiating the TDRL Re-evaluation Process. .................................................. 52
   b. Disability Reexaminations. ............................................................................ 53
   c. PEB Re-adjudication. ..................................................................................... 53
   d. PEB Disposition. ............................................................................................ 53
   e. Cases on VA Appeal. ..................................................................................... 54
   f. Administrative Finality. .................................................................................. 54
   g. Required Determinations. ............................................................................... 54

h.  Service Member Medical Records. ................................................................ 55
i.  Compensability of New Diagnoses. ............................................................. 55
j.  Current Physical Examination. ................................................................... 55
k.  Refusal or Failure to Report. ...................................................................... 55
l.  Priority. ...................................................................................................... 55
m.  Reports from Civilian Providers. ............................................................... 55

SECTION 10:  ADMINISTRATIVE DETERMINATIONS ............................................... 56
10.1.  Administrative Determinations for Purposes of Employment Under Federal Civil
Service. .................................................................................................................... 56
10.2.  Determination for Federal Tax Benefits. ......................................................... 57
a.  Status. ........................................................................................................ 57
b.  Combat Related ........................................................................................... 57
c.  Non-Taxable Compensation ........................................................................ 58
10.3.  Recoupment of Benefits ................................................................................. 58
10.4.  Determination for RC Service Members who are DUAL STATUS Technicians and
Determined Unfit by the DES. .................................................................................. 58

SECTION 11:  FINAL DISPOSITION ......................................................................... 59
11.1.  Final Decision Authority ................................................................................. 59
a.  Secretary of Defense. .................................................................................. 59
b.  USD(P&R). ................................................................................................. 59
c.  Secretaries of the Military Departments. .................................................... 59
11.2.  General rules regarding Disposition. ............................................................... 59
a.  Retirement. ................................................................................................. 59
b.  Removal from the TDRL. ............................................................................ 59
11.3.  Continuance of Unfit Service Members on Active Duty or in the Reserves. ............. 61
11.4.  Transition Assistance Program Eligibility. ..................................................... 61
11.5.  Dispositions for Unfit Service Members. ........................................................ 61
a.  Permanent Disability Retirement. ............................................................... 61
b.  Placement on the TDRL ............................................................................. 61
c.  Separation with Disability Severance Pay. ................................................. 62
d.  Separation without Entitlement to Benefits. .............................................. 63
e.  Discharge Pursuant to Other Than Chapter 61 of Title 10, U.S.C. ............ 63
f.  Revert with Disability Benefits. .................................................................. 63

GLOSSARY ........................................................................................................... 64
G.1.  Acronyms. ..................................................................................................... 64
G.2.  Definitions ..................................................................................................... 65

REFERENCES ........................................................................................................ 70

*DoDI 1332.18, November 10, 2022*

# SECTION 1:  GENERAL ISSUANCE INFORMATION

## 1.1.  APPLICABILITY.

This issuance applies to OSD, Secretaries of the Military Departments, the Office of the Chairman of the Joint Chiefs of Staff and the Joint Staff, the Combatant Commands, the Office of Inspector General of the Department of Defense, the Defense Agencies, the DoD Field Activities, and all other organizational entities within the DoD.

## 1.2.  POLICY.

a.  The Disability Evaluation System (DES) is the mechanism for determining fitness for duty because of disability, and whether a Service member (including initial entry trainees, Military Academy cadets, and midshipmen) found unfit for duty due to disability will be separated or retired.

b.  Service members will proceed through one of the DES processes, the Legacy Disability Evaluation System (LDES) or Integrated Disability Evaluation System (IDES).

c.  Service members will process through the IDES unless the Secretary of the Military Department concerned:

(1)  Approves a Service member's request to be enrolled in LDES;

(2)  Directs the Service member into LDES for a compelling and individualized reason; or

(3)  Directs the Service member into LDES after the Service member refuses to claim or submit a Department of Veterans Affairs (VA) disability claim for a potentially unfitting condition.

d.  In accordance with Title 10, U.S.C. and Part 4 of Title 38, CFR, the standards for all determinations related to disability evaluation will be consistently applied to all Service members, both Active Component (AC) and Reserve Component (RC).  This includes Service members in active duty and non-active duty (NAD) status.

e.  Pursuant to Chapter 61 of Title 10, U.S.C., RC Service members who are in an NAD status, not on a call to active duty for more than 30 days, and are pending separation for non-duty-related medical conditions, may, with the consent of the Service member, receive a determination of fitness and whether the unfitting condition is duty related.

f.  Pursuant to Section 12301(h) of Title 10, U.S.C., RC Service members may, with the consent of the Service member, be ordered to active duty to receive authorized medical care or to be medically evaluated for disability or other purposes.

*DoDI 1332.18, November 10, 2022*

g.  The DoD and the VA should complete 80 percent of all active duty and NAD Service member cases in no more than 180 days from referral to the DES ending on the date of return to duty, retirement, or separation.  The calculation of processing time excludes any amount of administrative absences or accrued leave the Service member is authorized to take during transition, or any amount of time in deferment status.  When measuring time in this issuance, "days" are defined as "calendar days."

h.  In determining a Service member's disability rating, the Secretary of the Military Department concerned will consider all medical conditions, whether singularly, collectively, or through combined effect, that render the Service member unfit to perform the duties of their office, grade, rank, or rating.

i.  Service members who are pending permanent or temporary disability retirement and who are eligible for a length of service retirement at the time of their disability evaluation may elect to be retired for disability or for length of service.  However, when retirement for length of service is elected, the Service member's retirement date must occur within the time frame that their disability retirement is expected to occur.

j.  Before a Service member may be discharged or released from active duty because of a disability, they must elect whether to file a claim for compensation, pension, or hospitalization with the VA.  Such Service members may elect to file a claim or refuse to make such a claim.

(1)  If refusing to file a claim, the Service member will be requested to sign a statement that their right to make such a claim has been explained.

(2)  The Service member may refuse to sign such a statement and that decision will be documented in the VA electronic claims folder.

(3)  The Secretaries of the Military Departments may not deny a Service member who refuses to sign such a claim any rights within DES policy as noted in this issuance.

k.  RC Service members on active duty orders specifying a period of more than 30 days, who incur a potentially unfitting condition during that time will, with their consent, be kept on active duty for disability evaluation processing until final disposition by the Secretary of the Military Department concerned.  In accordance with DoD Instruction (DoDI) 1241.01, RC Service members may elect to be released from active duty before completing DES processing.  If the RC Service member elects to be released from active duty before completing DES processing:

(1)  The Secretary of the Military Department concerned will assign responsibility for completing the resolution of the condition(s) or completion of the DES to the Service member's appropriate command.

(2)  The Secretary concerned will provide a line of duty (LOD) determination to document the Service member's entitlement to medical and dental treatment comparable to that in Section 1074a of Title 10, U.S.C.

(3)  The Service member may receive legal counseling in accordance with the regulations of the Military Department concerned.

*DoDI 1332.18, November 10, 2022*

l.  The Secretaries of the Military Departments may authorize separation due to mere congenital or developmental defects not being compensable under the Department of Veterans Affairs Schedule for Rating Disabilities (VASRD) if defects, circumstances, or conditions interfere with assignment to, or performance of, duty.  The basis for separation will be appropriately documented following guidelines and criteria in accordance with DoDI 6040.42. These Service members will not be referred to the DES unless the defect was subject to super imposed disease or injury during military service, or other potentially unfitting conditions exist that may have been incurred or aggravated by military service.

m.  Each Military Department and the Defense Health Agency (DHA) will conduct quality assurance reviews to monitor and assess the accuracy and consistency of medical evaluation boards (MEBs) and physical evaluation boards (PEBs), as well as the proper performance of MEB, PEB, and PEB liaison officer (PEBLO) duties, conducted under their respective jurisdictions pursuant to Volume 2 of DoD Manual (DoDM) 1332.18.

n.  In accordance with Section 552a of Title 5, U.S.C.; Part 164 of Title 45, CFR; DoDIs 5400.11 and 5400.16; and Volume 2 of DoDM 5400.11, personally identifiable information collected, used, maintained, or disseminated in executing this issuance will be appropriately maintained and safeguarded to prevent its unauthorized access, use, disclosure, or loss.

*DoDI 1332.18, November 10, 2022*

# SECTION 3:  OPERATIONAL STANDARDS OF THE DES

## 3.1.  DES PROCESS OVERVIEW.

a.  The DES will consist of:

(1)  Referral and MDB.

(2)  Medical evaluation, including the MEB, impartial medical reviews, and rebuttal.

(3)  Disability evaluation, including the PEB, counseling, case management, adjudication, and final disposition.

b.  The Secretaries of the Military Departments will use the IDES process for all newly initiated cases referred under the duty-related process.

c.  The Secretaries of the Military Departments may enroll a Service member into the LDES if:

(1)  Requested by a Service member;

(2)  There is a compelling and individualized reason; or

(3)  A Service member refuses to claim or submit a VA disability claim for a potentially unfitting condition.

d.  Before the Secretary concerned enrolls a Service member into the LDES, the Service member or their personal representative must acknowledge, in writing, that they received briefings on:

(1)  The procedural differences between the LDES and the IDES from a representative of their respective Military Department's legal counsel.

(2)  The VA Benefits Delivery at Discharge Program.

e.  LDES and IDES disability examinations will include a general medical examination and any other applicable medical examinations that meet VA compensation and pension examination standards.

(1)  The LDES and IDES examinations will be sufficient to:

(a)  Assess the Service member's referred condition(s).

(b)  Assist the VA in ratings determinations.

(c)  Assist Military Departments to determine if the medical conditions, singularly, collectively, or through combined effect, prevent the Service member from performing the duties of their office, grade, rank, or rating.

*DoDI 1332.18, November 10, 2022*

(2)  IDES examinations must also be sufficient to assess the Service member's claimed condition(s).

### 3.2.  MEB.

#### a.  Purpose.

The Director, DHA, is responsible for provision of MEBs in support of the DES process.  An MEB will:

(1)  Review all available medical evidence, including examinations completed as part of DES processing, and document whether the Service member has medical conditions that either singularly, collectively, or through combined effect, may prevent them from reasonably performing the duties of their office, grade, rank, or rating.

(2)  Document the medical status and duty limitations of Service members who meet the referral eligibility criteria in Paragraph 5.3.

#### b.  Composition.

(1)  The MEB will be comprised of at least two members.  At least one member will be a physician (DoD civilian employee or military).  No board member will be influenced by another member on their determination.  At least one medical professional must have knowledge of application of the standards pertaining to medical retention standards, the disposition of patients, and disability separation processing.

(2)  In exceptional circumstances, when it is impracticable to have two or more physicians, the other members may be either physician assistants or nurse practitioners (DoD civilian employee or military member).

(3)  Any MEB listing a behavioral health diagnosis must contain a thorough behavioral health evaluation and include the signature of a psychologist with a doctorate in psychology or a board-certified or board-eligible psychiatrist.

#### c.  Resourcing.

When an MTF fails to meet the MEB stage goal for 3 consecutive months, the Director, DHA, in coordination with the Secretaries of the Military Departments, will:

(1)  Allocate additional personnel to the MEB stage process at the underperforming MTF.

(2)  Inform the ASD(HA) by memorandum when an MTF receives additional MEB personnel.  The memorandum will contain information regarding:

(a)  The MTF's performance metrics, including the number of days the MTF exceeded the MEB stage goal for the previous 3 months.

(b)  The number of additional personnel allocated to the MTF.

*DoDI 1332.18, November 10, 2022*

(c)  Additional steps the MTF will take to meet the MEB stage goal.

(d)  The timeline within which the MTF will meet the MEB stage goal.

**d.  Referral to PEB.**

If the MEB determines that the Service member has medical conditions that, either singularly, collectively or through combined effect, may prevent them from reasonably performing the duties of their office, grade, rank, or rating, the MEB will refer the case to the PEB.

**e.  Service Member Medical Evaluations.**

(1)  Medical Evaluations.

An MEB will evaluate the medical status and duty limitations of:

(a)  Service members referred into the DES who incurred or aggravated an illness or injury while under orders to active duty specifying a period of more than 30 days.

(b)  RC Service members, not on active duty and referred for a duty-related condition.

(2)  MEB Requirements.

An MEB will not be required:

(a)  For Service members temporarily retired for disabilities who are due for a periodic physical medical examination.

(b)  When an RC Service member, who is not on active duty, is referred for conditions unrelated to military status and performance of duty.

(3)  MEB Prerequisites.

A Service member will not be required to sign a statement relating to the origin, incurrence, or aggravation of a disease or injury.  Any statement resulting from a requirement to sign such a statement, which is against the Service member's interests and is signed by the Service member, will be invalid.

(4)  Impartial Medical Reviews.

In accordance with Section 1612 of Public Law 110-181, the Director, DHA, upon the Service member's request, will assign an impartial physician or other appropriate health care professional who is independent of the MEB to:

(a)  Serve as an independent source of review of the MEB findings and recommendations.

*DoDI 1332.18, November 10, 2022*

(b)  Advise and counsel the Service member regarding the findings and recommendations of the MEB.

(c)  Advise the Service member on whether the MEB findings adequately reflect the complete spectrum of their injuries and illnesses.

(5)  Review Report.

After the physician or health care professional has counseled the Service member and the member has received the impartial medical review report, they will have an opportunity to consult with legal counsel during the election period to either concur or submit a written rebuttal to the MEB's findings.

(6)  MEB Rebuttal.

Service members referred into the DES will, upon request, be permitted at least one rebuttal of the MEB findings.

**f.  Content.**

(1)  Medical information used in the DES must be sufficiently recent to substantiate the existence or severity of potentially unfitting conditions.  The Secretaries of the Military Departments may not request additional medical exams or diagnostic tests if more current information would not substantially affect identification of the existence or severity of potentially unfitting conditions.

(2)  MEBs will confirm the medical diagnosis for and document the full clinical information, including history, treatment status, and potential for recovery of the Service member's medical conditions that, singularly, collectively, or through combined effect, may prevent the Service member from performing the duties of their office, grade, rank, or rating; and state whether each condition is cause for referral to a PEB.

**g.  Competency.**

When the Service member's capability of managing their affairs is unclear, the MEB or TDRL packet will include the results of a competency board conducted in accordance with Section 602 of Title 37, U.S.C., and Volume 7B, Chapter 16 of the DoD 7000.14-R.  This issuance does not prescribe processes or requirements related to competency boards; refer to applicable laws and policies regarding competency boards.

**h.  Medical Documentation for RC Service Members with Non-Duty-Related Conditions.**

The medical documentation for RC Service members with non-duty-related conditions referred for disability evaluation must provide a clear and adequate written description of the medical condition(s) that, singularly, collectively, or through combined effect, may prevent the RC Service member from performing the duties of their office, grade, rank, or rating.

*DoDI 1332.18, November 10, 2022*

### i. Non-Medical Documentation.

If the MEB refers a case to the PEB, the MTF will forward the case's non-medical documentation to the PEB, including:

(1)  The LOD determinations, when required by Paragraph 7.6.

(2)  Except in cases in which the illness or injury is so severe that return to duty is not likely, a statement from the Service member's immediate commanding officer describing the impact of the member's medical condition on their ability to perform the duties of their office, grade, rank, or rating.

(3)  An official document identifying the next of kin, court-appointed guardian, or trustee when a Service member is determined incompetent to manage their affairs, if applicable, in accordance with Section 602 of Title 37, U.S.C.

## 3.3.  PEB.

### a.  Purpose.

Pursuant to Chapter 61 of Title 10, U.S.C., PEBs determine the fitness of Service members with medical conditions that are, either singularly, collectively, or through combined effect, potentially unfitting and, for members determined unfit, determine their eligibility for compensation.

### b.  Informal Physical Evaluation Board (IPEB).

#### (1)  Background.

The IPEB will review the case file to make initial findings and recommendations without the Service member present.  The Service member may accept the findings, rebut the findings, request a formal physical evaluation board (FPEB) if found fit, or, if found unfit, demand a FPEB in accordance with Section 1214 of Title 10, U.S.C.  If the Service member declines a FPEB, the PEBLO will document the Service member's declination.

#### (2)  Composition.

The IPEB will be comprised of at least two members, at field grade or civilian equivalent or higher; additionally, one military person at the grade of E-9 may be a board member for enlisted cases.  In cases of a split opinion, a third voting member that meets the same qualification requirements will be assigned to provide the majority vote.  No board member will be unduly influenced by another member on their determination.  Contract personnel may not serve as IPEB adjudicators.

*DoDI 1332.18, November 10, 2022*

c. **FPEB.**

(1) Background.

(a)  In accordance with Section 1214 of Title 10, U.S.C., Service members are entitled to a full and fair hearing, upon request, before the Service member may be separated or retired for physical disability.

(b)  If the Secretary of the Military Department concerned unilaterally changes the IPEB findings or determinations of "fit" or "unfit" following a Service member's concurrence, the Service member may demand a FPEB to contest the changes.

(2) Composition.

(a)  The FPEB must be comprised of at least three members, at least one of whom will be military officers in accordance with Paragraph 3.3.c.(2)(b)(1).  DoD civilian employees may also be included as additional members.

(b)  Should a Service member demand, FPEB members cannot have participated in the adjudication process of the same case at the IPEB.

1.  The FPEB will consist of at least a board president who will be a military officer in the grade of O-5 or higher (or civilian equivalent); a physician (military or DoD civilian); and a line officer (or non-commissioned officer at the E-9 level for enlisted cases) familiar with duty assignments.  No board member will be unduly influenced by another member on their determination.

2.  The physician cannot:

a.  Be the Service member's physician.

b.  Have served on the Service member's MEB or Impartial Medical Reviewer.

c.  Have participated in a TDRL reexamination of the Service member.

3.  For RC Service members, the Secretaries of the Military Departments will ensure RC representation on the PEBs is consistent with Section 12643 of Title 10, U.S.C., and related policies.

4.  Contract personnel may not serve as FPEB adjudicators.

(3) Eligibility.

Service members who receive an unfit determination from the IPEB will be entitled to a FPEB hearing.

*DoDI 1332.18, November 10, 2022*

(4)  Issues.

At the FPEB, the Service member will be entitled to address issues pertaining to their fitness, the percentage of disability, degree or stability of disability, administrative determinations, a determination that their injury or disease was non-duty related, or that their injury or disease was combat-related or took place in a combat-zone.

(5)  Hearing Rights.

Service members will, at a minimum, have the right to:

(a)  Have their case considered by FPEB members, who were not voting members of their IPEB, if requested.

(b)  Appear themselves, through a personal representative, or by videoconference. Unless otherwise directed by the Secretary of the Military Department concerned, RC Service members referred only for non-duty-related conditions, are responsible for their personal travel and other expenses.

(c)  Be represented by government-appointed counsel provided by the Military Department concerned.  Service members may choose their own civilian counsel at no expense to the U.S. Government.  The PEB President will notify the Secretary of the Military Department concerned if the lack of government-appointed counsel affects timely PEB caseload adjudication.

(d)  Make a sworn or an unsworn statement.  A Service member will not be required to sign a statement relating to the origin, incurrence, or aggravation of a disease or injury.

(e)  Remain silent.  When the Service member exercises the right to remain silent, the member may not selectively respond, but must remain silent throughout the hearing.

(f)  Request witnesses and introduce depositions, documents, or other evidence, and to question all witnesses who testify at the hearing.  The FPEB president will determine whether witnesses are essential.  If the FPEB president determines witnesses are essential to the hearing, travel expenses and per diem may be reimbursed or paid in accordance with the Joint Travel Regulation.  Other people may attend formal hearings at no expense to the U.S. Government.

(g)  Access all records and evidence the PEB receives before, during, and after the formal hearing, unless such records are exempt from disclosure by law, which were relied upon by the FPEB in making their recommendation.

**d.  Appeal of FPEB Determination of Fitness**

Upon the Service member's decision to appeal the FPEB fitness determination, the Secretary of the Military Department concerned will ensure their respective Military Department has procedures to:

(1)  Inform Service members that they are entitled to appeal their FPEB fitness for duty determinations to the official designated by the Secretary of the Military Department concerned

*DoDI 1332.18, November 10, 2022*

as the FPEB appellate authority.  A Service member may submit the appeal in writing or, if requested by the Service member, a hearing will be conducted and the Service member will have the option to be represented at the hearing by legal counsel.  The Service member will make election whether to present a FPEB appeal in a reasonable timeframe specified by Military Department regulations and consistent with other similar processes.

(2)  Inform the Service member that, in lieu of a hearing, they may submit a written appeal explaining why they do not agree with the FPEB fitness determinations.

(3)  Require the FPEB appellate authority to consider all records comprising the Service member's DES case file, including the Impartial Medical Review, if one was prepared; the IPEB and FPEB decisions; and any additional relevant documentation submitted by the Service member for consideration.

(a)  Provide access to relevant records to the Service member and the appellate authority.  However, if the Service member desires to have documentation considered by the appellate authority, not previously considered or available to the Military Department concerned, the Service member must provide such documentation in the time and manner prescribed by the Military Department concerned.

(b)  Identify for the Service member what documents within the Military Department's custody were provided to the appellate authority for consideration in rendering a decision.

(4)  Inform the Service member that they are entitled, upon their request, to appeal a unilateral change to FPEB findings or determinations by the Military Department concerned following a Service member's concurrence to the FPEB findings or determinations.

(5)  Provide Service members with additional levels of review within the Military Department concerned subsequent to the FPEB appeal process outlined in this section, if appropriate.

### e.  Resourcing.

When a PEB fails to meet a PEB stage goal for 3 consecutive months, the Secretary of the Military Department concerned will:

(1)  Allocate additional personnel to the applicable PEB stage process at the underperforming PEB.  When increasing the staffing of an existing PEB or organizing an additional PEB, the Military Departments should coordinate with the judge advocate general concerned to ensure appropriate staffing levels for government legal counsel.

(2)  Inform the ASD(HA), by memorandum, when a PEB receives additional personnel. The memorandum will contain information regarding:

(a)  The PEB's performance metrics, including the number of days the PEB exceeded a PEB stage goal for the last 3 months.

*DoDI 1332.18, November 10, 2022*

    (b)  The number of additional personnel allocated to the PEB.

    (c)  Additional steps the PEB will take to meet the PEB stage goal.

    (d)  The timeline within which the PEB will meet the PEB stage goal.

**f.  Record of Proceedings.**

The Military Department concerned will provide the Service member with a record of the PEB's proceedings, including IPEB, and, if applicable, the FPEB and subsequent appeals of the FPEB fitness determination, in accordance with Section 1222 of Title 10, U.S.C.  The PEB record of proceedings must convey the PEB findings and rationale in an orderly and itemized fashion, with specific attention to each issue presented by the Service member regarding their case, and the basis for applying total or extra-schedular ratings or unemployability determinations, as applicable.

    (1)  Duty-related Determinations.

The PEB record of proceedings will at least document:

    (a)  The PEB's determination whether the Service member is fit or unfit.

    (b)  The code and percentage rating assigned an unfitting and compensable disability based on the VASRD.  The standards for determining compensable disabilities are specified in Section 7.

    (c)  The reason(s) an unfitting condition is not compensable, including:

        <u>1</u>.  The specific accepted medical principle, as stated in Section 7, for overcoming the presumption of sound condition and the presumption of service aggravation for all cases with a finding of preexisting condition without service aggravation.

        <u>2</u>.  The accepted medical principle that an RC Service member performing inactive duty training (IDT), active duty training, or on active duty of 30 days or less, has a preexisting disability that was not permanently aggravated by service.

        <u>3</u>.  The basis upon which a determination that a disability that was incurred in the LOD before September 24, 1996, and that was not permanently aggravated by service since September 23, 1996, was not the proximate result of military service.

    (d)  The nature of the disability and the stability and permanency of the disability for Service members being placed on the TDRL or permanently retired.

    (e)  Administrative determinations made in accordance with Section 8.

    (f)  The record of all proceedings of the PEB evaluation, including the evidence used to overcome any applicable presumption listed in this issuance and any changes made by a subsequent reviewing authority, including a written explanation supporting each finding and

*DoDI 1332.18, November 10, 2022*

recommendation.  If applicable, the basis for applying or not applying total or extra-schedular ratings or unemployability determinations.

(2)  Non-Duty-Related Determinations.

The record of proceedings will document only:

(a)  The PEB's determination whether the Service member is fit or unfit.

(b)  For RC Service members determined fit, a determination of whether the member is deployable, if Service regulations require such a determination.

### g.  Quality Assurance.

Each Military Department will establish and publish quality review procedures specific to the MEB and PEB and conduct quality assurance reviews in accordance with Volume 2 of DoDM 1332.18 and the applicable laws, directives, and regulations governing disability evaluation.

## 3.4.  COUNSELING.

### a.  Purpose.

Service members processing through the DES must receive counsel regarding the significance and consequences of the determinations being made and their associated rights, benefits, and entitlements.

### b.  MDB.

Each Military Department will develop and provide a standardized MDB to all Service members referred into the DES, or, if incapacitated, their personal representatives.  PEBLOs, Military Services coordinators (MSCs), and government legal counsel, or their designees, will participate in the MDB.  For IDES cases, the MDB should be completed before the Service member meets individually with the MSC.  For LDES cases, the MDB should be completed within 10 days of Service member's referral into the LDES.

### c.  Non-MDB Requirements.

Each Military Department will publish and provide standard information booklets that contain specific information on DES processes, including the Service member's rights and responsibilities while navigating through the DES.  The information will be made available at the servicing MTFs and PEBs.

### d.  Service Member Competency.

When a competency board determines a Service member is incompetent, the Service member's personal representative will be counseled and afforded the opportunity to assert the rights granted to the Service member, to the extent authorized by applicable law.

*DoDI 1332.18, November 10, 2022*

### e. Pre-separation Counseling.

Service members on orders to active duty for more than 30 days will not be separated or retired because of disability before completing pre-separation counseling pursuant to DoDI 1332.35.

## 3.5. CASE MANAGEMENT.

a. Service members undergoing a DES evaluation must be advised on the status of their case, issues that must be resolved for their case to progress, and the expected time frame for completing the DES at their installation.

b. PEBLOs will contact Service members undergoing disability evaluation at least monthly and provide any necessary DES assistance.

## 3.6. FINAL DISPOSITION.

After adjudicating all appeals, the personnel authorities specified in Section 11 will:

a. Issue orders and instructions to implement the determination of the respective Service's final reviewing authority.

b. Consider Service member requests to continue on active duty or in the RC in a permanent limited duty status if the member is determined unfit.

## 3.7. ADMINISTRATIVE DECISIONS.

a. The Secretary of the Military Department concerned may:

(1)  Direct the PEB to reevaluate any Service member determined to be unsuitable for continued military service.

(2)  Retire or separate for disability any Service member determined, upon re-evaluation, to be unfit to perform the duties of their office, grade, rank, or rating.

b. The Secretary of the Military Department concerned may not:

(1)  Authorize a Service member's involuntary administrative separation based on a determination that the member is unsuitable for deployment or worldwide assignment due to a medical condition after a PEB has found the member fit for the same medical condition; or

(2)  Deny the Service member's request to reenlist based on a determination that the member is unsuitable for deployment or worldwide assignment due to a medical condition after a PEB has found the member fit for the same medical condition.

*DoDI 1332.18, November 10, 2022*

c.  Pursuant to Section 1214a of Title 10, U.S.C., the Secretary of Defense will be the final approval authority for any case determined by the Secretary of the Military Department concerned to warrant a Service member's administrative separation or reenlistment denial based on a determination that the member is unsuitable for continued service due to the same medical condition(s) considered by a PEB that found the member fit for duty.

## 3.8.  TRAINING AND EDUCATION.

### a.  Assignment of Personnel to the DES.

In coordination with the Director, DHA, the Secretaries of the Military Departments will annually certify that the personnel assigned to or impacting the DES outlined in Paragraphs 3.8.a.(1)-(6) were formally trained before being assigned to performing DES duties:

(1)  Physicians (military and DoD civilian).

(2)  PEBLOs.

(3)  Patient administration officers, administrative MEB staff, and DES program managers.

(4)  PEB adjudicators.

(5)  Judge advocates.

(6)  Military Department civilian attorneys.

### b.  Standardized DES Training.

Training curriculums must at least provide instruction on:

(1)  An overview of the statutory and policy requirements of the DES.

(2)  Electronic and paper recordkeeping policies of the Military Department concerned.

(3)  Customer service philosophies.

(4)  Medical administration processes.

(5)  Roles and responsibilities of a Service member's assigned government legal counsel.

(6)  Applicable VA services and benefits.

(7)  Online and other resources about the DES, DoD, and VA.

(8)  The chain of supervision and command.

(9)  The inspector general hotlines for resolving issues.

*DoDI 1332.18, November 10, 2022*

## 3.9. DISABILITY CASE MANAGEMENT CONTINUUM.

All DES stakeholders, including medical care and case managers, non-medical case managers, patient administration personnel, wounded warrior program liaisons or advocates, MSCs, legal counsel (military or civilian), and recovery care coordinators, share in the responsibility to maintain continuity in all aspects of managing Service member cases and should communicate with each other on an ongoing, frequent basis to prevent delays in care or in the DES process.

### a. PEBLO

#### (1) Responsibilities.

The PEBLO will:

(a) Inform and assist the Service member or their personal representative, as applicable, during the DES.

(b) Help manage expectations, coordinate medical appointments related to the disability process, and oversee the Service member's case file.

#### (2) Assignment.

PEBLOs will, at a minimum, be a noncommissioned officer in the grade of E-5 or above, or civilian equivalent, whenever practical. The unique duties of the PEBLO require the individual to possess the requisite experience, knowledge, and maturity to provide appropriate support and information to the Service member or their personal representative.

(a) The PEBLO must be able to carefully handle administrative tasks, including:

1. Scheduling and managing all appointments and consultations.

2. Communicating with senior members of the medical and non-medical communities.

(b) PEBLOs should be assigned the role for at least 2 years. Because of the frequency of military reassignments, a civilian employee may fill this position. PEBLOs should not be assigned additional duties that would conflict with their PEBLO duties.

(c) PEBLOs must be trained and certified in accordance with Paragraph 3.8.b. and Paragraphs 3.9.a.(2)(c)1.-3., before assignment of their duties.

1. PEBLOs will be trained through formal classroom or web-based training and will not be considered qualified to perform their duties until demonstrating proficiency in the minimum DoD core competencies. The Secretaries of the Military Departments may supplement these minimum core competencies to qualify a PEBLO to perform duties in the DES. Qualification will be documented and filed with the PEBLO's training records.

*DoDI 1332.18, November 10, 2022*

2.  Before assuming their full duties, PEBLOs will receive at least 1 week of on-the-job training with the incumbent or another PEBLO who is fully trained and has at least 1 year of experience.  During this transition and before case transfer, the incoming PEBLO will make personal contact with each Service member in their portfolio.  The PEBLO's supervisor must verify transfer and accountability of existing cases before the PEBLO assumes full duties.3.  After completing initial training, an annual refresher or continuing education and training will be required to ensure PEBLOs remain current in their understanding and application of DES procedures.  When DES procedures or processes significantly change, appropriate specialized education and training will be conducted to ensure a fundamental understanding and the ability to follow new procedures.  Changes to standardized processes will be documented in updates to applicable DoD policy.(3)  Caseload.

The number of Service members assisted by a PEBLO will not exceed 34 at any given time.

**b.  MSC.**

The MSC will:

(1)  Assist Service members in the IDES with the VA claims process, case development, and notification of VA findings and proposed ratings, and provide additional information and clarification of VA findings and proposed ratings after the PEBLO provides the initial information.  This assistance includes completing VA Form 21-526EZ, "Application for Disability Compensation and Related Compensation Benefits," available at https://www.vba.va.gov/pubs/forms/VBA-21-526EZ-ARE.pdf.

(2)  Educate Service members and their assigned recovery care coordinator about the IDES process, disability examinations, and veteran benefits.

## 3.10.  FACILITY RESOURCES.

The Secretaries of the Military Departments and the Director, DHA, will provide PEBLOs and MSCs with adequate space for counseling and access to online resources.  This includes a private counseling space, computer, printer, telephone line, and internet and e-mail connectivity.

*DoDI 1332.18, November 10, 2022*

# SECTION 4:  PROVISION OF LEGAL COUNSEL IN THE DES

## 4.1.  REQUIREMENTS.

In conjunction with the judge advocate general of the Military Department concerned, the Secretaries of the Military Departments will:

a.  Advise all Service members referred into the DES on the availability of government legal counsel, who will advise them on their rights and elections.

b.  Provide government legal counsel to advise and represent Service members during the DES process, including after an adverse LOD determination and any subsequent appeals to the Secretary of the Military Department concerned or their designee, relating to the final disposition of Service member disability cases.  Legal counsel, whether military judge advocates or civilian attorneys employed by the Military Departments, will be provided at no expense to the Service member.

c.  Provide training for government legal counsel advising or representing Service members in the DES process.

d.  Through their respective judge advocate general, ensure appropriate staffing levels for government legal counsel advising or representing Service members in the DES process by:

(1)  Assigning sufficient numbers of trained legal counsel to advise and represent Service members in DES proceedings and LOD determinations.

(2)  Reviewing counsel workloads periodically to ensure both quality and timeliness of legal services rendered to Service members.

(3)  Adjusting staffing as circumstances dictate.  Normally, government legal counsel will not be assigned an overall caseload that requires them to represent more than 10 Service members per week at FPEB hearings.

## 4.2.  LEGAL ADVICE AND REPRESENTATION.

Government legal counsel will:

a.  Be available to consult (by telephone or otherwise) with a Service member regarding rights and elections at the time of referral into the DES.  Government legal counsel or their designees will participate in the MDB.

b.  Be assigned to represent each Service member who elects to proceed to a hearing before a FPEB or FPEB appeal.  Representation will continue through the respective Military Department's individual DES appellate process until the Service member's discharge from active duty or RC from active status for unfitness.

*DoDI 1332.18, November 10, 2022*

(1)  A Service member may waive their right to representation by government legal counsel.  Such a waiver must be in writing.

(2)  In lieu of government legal counsel, a Service member may elect to be represented by a non-government representative, including, but not limited to, private legal counsel or a representative from a veterans' organization.  Any non-government representation will be at no expense to the U.S. Government.

(a)  If a Service member elects a non-government representative, government legal counsel will remain available to the Service member and their representative for advice and consultation but will not participate in a representative capacity during the DES.

(b)  If a Service member's non-government representation is released, in writing by the Service member, or terminated, government legal counsel will be available to represent the Service member for further proceedings and appeals.

## 4.3.  ACCESS TO DOCUMENTATION.

A Service member may provide appropriate authorization for assigned government legal counsel, private legal counsel, or their designated representative to have access to all documentation pertaining to their disability case, including medical records, MEB narrative summary, ratings, diagnostic codes, LOD determinations, and any additional documentation that the MEB or PEB may request.  Government legal counsel may also have full access to documentation from computerized databases and electronic medical records that relate to the Service member's disabilities.

## 4.4.  SERVICE MEMBER APPEALS AND HEARINGS.

Government legal counsel will explain the general legal counsel duties during the disability evaluation system process to the Service member and inform them about the DES, including requesting a hearing before the FPEB and FPEB appeal.  Service members will also be advised that:

### a.  FPEB.

(1)  If found unfit by the IPEB, the Service member may demand a FPEB.  If a FPEB hearing is demanded, they may appear themselves, through a personal representative, or by videoconference.  Service members may also elect to appear telephonically.

(2)  The FPEB will provide the Service member at least 10 calendar days advance written notice of their hearing before the FPEB.  The Service member may waive this 10-day requirement in writing.

*DoDI 1332.18, November 10, 2022*

**b.  FPEB Appeal.**

If found fit or unfit by a FPEB, Service members will be entitled, upon their request, to a FPEB appeal consistent with this instruction.  Any additional review will be in accordance with the remedies offered by their respective Military Department.

## 4.5.  LEGAL COUNSEL IN ADVANCE OF FPEB AND FPEB APPEAL.

Assigned government legal counsel will consult with the Service member at least 24 hours before the scheduled FPEB or FPEB appeal.  Service members traveling to a FPEB or FPEB appeal must be afforded more than 1 calendar day to arrive before their scheduled hearing to confer with government legal counsel.  Before the hearing starts, the Service member may waive, in writing, the right to confer with government legal counsel before the hearing.

## 4.6.  DELAY FOR GOOD CAUSE.

A Service member or representative may request a delay of a hearing for good cause in accordance with applicable Military Department guidance.  Any requests for delay must be submitted to the FPEB president or, if in the case of a FPEB appeal, the Secretary of the Military Department concerned or their FPEB appellate authority, in writing and before the scheduled hearing as prescribed by the Military Departments.  The FPEB president or the FPEB appellate authority will respond to requests for delay in writing and, if applicable, will include the grounds for a denial of a request for delay.

## 4.7.  QUALIFICATIONS AND TRAINING OF LEGAL COUNSEL.

a.  The Secretary of the Military Department concerned, in conjunction with their judge advocate general, will provide legal training programs to ensure government legal counsel participating in the DES have adequate training in the process and associated procedures.

b.  The Judge Advocate General concerned will ensure that government legal counsel is assigned to represent Service members in the DES in accordance with the regulations and procedures of the Military Department concerned.

c.  For IDES cases, uniformed or civilian legal counsel of the Military Department concerned, claims agents, and private attorneys may represent a member before the VA if the representative complies with VA regulations in Part 14 of Title 38, CFR.

d.  Training programs should provide an overview of:

(1)  The statutory and policy requirements of the DES, including DoD issuances pertaining to the physical disability evaluation system, the VASRD, and laws and regulations pertaining to combat-related special compensation.

*DoDI 1332.18, November 10, 2022*

(2)  VA services and Federal benefits, including compensation tables based on ratings determinations in effect at the time a rating is adjudicated.

(3)  The resources available to Service members in the DES.

(4)  Online and other resources pertaining to the DES and DoD and VA services.

(5)  The VASRD, the U.S. Court of Federal Claims, the Court of Appeals for Veterans Claims, the U.S. Court of Appeals for the Federal Circuit, and the U.S. Supreme Court. Additionally, although not binding, published decisions by the VA General Counsel may be informative.

(6)  The Inspector General of the Department of Defense hotline, the inspectors general of the Military Departments' respective hotlines, ombudsman programs, and Service programs for resolution of issues of concern to recovering Service members.